COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                       NOS.
2-07-244-CR 

       2-07-245-CR 

       2-07-246-CR 

       2-07-247-CR 

       2-07-248-CR 

       2-07-249-CR

 

GREGORY WAYNE BRISCOE                                                 APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                                       ------------

I.  Introduction

In two points, Appellant Gregory Wayne Briscoe appeals his
convictions for aggravated robbery with a deadly weapon, robbery by threats,
and evading arrest.  We affirm. 








II.  Factual and
Procedural History

On April 13, 2004, Briscoe went on a crime spree.  He robbed employees of two stores and the
owner of one of the stores, whom he encountered as he left the scene.  Briscoe drove away and attempted to elude an
alerted police officer by weaving through trafficChis car collided
head-on with another vehicle, and he continued to try to evade the officer by
fleeing on foot.  Soon afterward, he
broke into the house of an elderly woman, threatened her, and stole money and
car keys from her purse.  When Briscoe
went into the bathroom, the woman ran to the front porch and screamed for
help.  A police officer on the street
responded to her screams and pursued Briscoe, who ran from the residence. The
police subsequently caught and arrested Briscoe.








Briscoe entered open pleas of Aguilty@ to six offenses:
(1) one count of aggravated robbery with a deadly weapon; (2) four counts of
robbery by threats; and (3) one count of evading arrest.  He also pleaded Atrue@ to the
repeat-offender notices in the aggravated-robbery and robbery-by-threats
charges.  The trial court subsequently
found Briscoe guilty on all charges and found the repeat-offender notices to be
true.  Following a punishment hearing,
the trial court assessed Briscoe=s punishment at
life imprisonment for each of the robbery charges and the aggravated-robbery
charge, and it assessed two years for evading arrest, with all sentences to run
concurrently.  This appeal followed.

III.  Failure to
Admonish

In his first point, Briscoe argues that the trial court
failed to admonish him as to the range of punishment attached to each charge
and its respective enhancement, thus rendering involuntary his pleas of Aguilty@ and Atrue.@  

A. Standard of Review








The voluntariness of a guilty plea is determined by the
totality of the circumstances as viewed in light of the entire record.  Ducker v. State, 45 S.W.3d 791, 796
(Tex. App.CDallas 2001, no pet.); Edwards v. State,
921 S.W.2d 477, 479 (Tex. App.CHouston [1st
Dist.] 1996, no pet.). 
Before accepting a defendant=s guilty plea, a
trial court is required to admonish the defendant as to, inter alia, the
range of punishment attached to the offense. 
Tex. Code Crim. Proc. Ann. art. 26.13(a)(1)
(Vernon Supp. 2007). A trial court may make the required admonitions either
orally or in writing.  Id. art.
26.13(d).  If the admonitions are made in
writing, then the court must receive a statement signed by the defendant and
the defendant=s attorney that the defendant understands
the admonitions and is aware of the consequences of his plea.  Id. 
Once the defendant and his attorney have signed written admonitions
and the judge has established that the defendant has read and understood the
admonitions, the judge is not required to orally inquire about the
voluntariness of the defendant=s plea.  Edwards, 921 S.W.2d at 479; Pena v.
State, 132 S.W.3d 663, 668 (Tex. App.CCorpus Christi
2004, no pet.).  When the record shows
that the defendant received an admonition on punishment, it is a prima facie
showing that the plea was knowing and voluntary, and the burden shifts to the
defendant to show that he entered his plea without understanding the
consequences.  Arreola v. State,
207 S.W.3d 387, 391 (Tex. App.CHouston [1st
Dist.] 2006, no pet.); Edwards, 921 S.W.2d at 481B82.  If the defendant has stated that he
understands the nature of his plea and that it was voluntary, then he has a Aheavy burden@ to prove on
appeal that his plea was involuntary.  Acosta
v. State, 160 S.W.3d 204, 211 (Tex. App.CFort Worth 2005,
no pet.);  Arreola, 207 S.W.3d at
391.

B. Analysis

In arguing that his guilty pleas were involuntary, Briscoe
focuses on his oral statements during the sentencing hearing.  Briscoe argues that those statements show
that he was confused as to the range of punishment at the time that he entered
his pleas and that he wanted to withdraw his pleas and accept the State=s earlier
plea-bargain offer.  Briscoe fails to
acknowledge, however, that the record clearly reflects that the trial court
complied with the statutory requirements regarding written admonitions.








The trial court admonished Briscoe in writing of the
applicable range of punishment for each charged offense.  For each charge, Briscoe and his attorney
both signed a document titled AWritten Plea
Admonishments.@ 
Paragraph 3 of each document states, AIf convicted of
the above offense, you face the following range of punishment. . . .@  For the charges of robbery by threats, each
of these documents has an AX@ next to the
following statement: ASECOND DEGREE FELONY ENHANCED: Life or any
term of not more than 99 years or less than 5 years in the Institutional
Division of the Texas Department of Criminal Justice; and in addition, a fine
not to exceed $10,000 may also be assessed.@  For the charge of aggravated robbery, the
document has an AX@ next to the
following statement: AFIRST DEGREE FELONY ENHANCED: Life or any
term of not more than 99 years or less than 15 years in the Institutional
Division of the Texas Department of Criminal Justice; and in addition, a fine
not to exceed $10,000 may also be assessed.@  For the charge of evading arrest, the
document has an AX@ next to the
following statement: ASTATE JAIL FELONY: A term of not less than
180 days or more than 2 years in a state jail; and in addition, a fine not to
exceed $10,000 may also be assessed.@ 








On all six of these documents, Briscoe signed a AWritten Waiver of
DefendantBJoined By Attorney.@  Among the statements in these documents are
the following: (1) AI [the defendant] fully understand each of
the above written plea admonishments given by the Court and I have no questions@; (2) AI am aware of the
consequences of my plea@; (3) AI am mentally
competent and my plea is knowingly, freely, and voluntarily entered@; and (4) AI give up and
waive my right to a jury, both as to my guilt and assessment of my punishment.@  Immediately below Briscoe=s signature on
each document, his attorney signed the following statement:

I have fully
reviewed and explained the above and foregoing court admonishments, rights, and
waivers, as well as the following judicial confession to the Defendant.  I am satisfied that the Defendant is legally
competent and has intelligently, knowingly, and voluntarily waived his rights
and will enter a guilty plea understanding the consequences thereof.

 

Finally, on each document, Briscoe, his attorney, and the
trial court all signed a statement that includes the following: AThe Court has
given the Defendant the admonishments set out in paragraphs numbered 1 through
15, above.  In addition, the Court finds
that the Defendant is mentally competent and that his plea is intelligently,
freely and voluntarily entered.@[2] 








Statements made by both Briscoe and his
attorney at the plea hearing also indicate that Briscoe was aware of the range
of punishment that he might receive. 
According to the transcript of the hearing, the State had offered
Briscoe a plea bargain of forty-five years= confinement, and
Briscoe=s attorney had
convinced the State to reduce the offer to thirty-three years.  Nevertheless, Briscoe rejected the plea
bargain and pleaded Aguilty@ to each charge
and Atrue@ to the
repeat-offender notices.  Briscoe=s attorney stated
to the court that he had explained to Briscoe that

33 years is
roughly half of what he could get under the law . . . I think that Mr. Briscoe
very likely . . . is going to receive a life sentence.  And I know the Court [hasn=t] prejudged that, but I think that=s well within the range of
possibility . . . Thirty-three is the best the [S]tate is going to do, and it
is absolutely against my advice that we enter an open plea in this case and
seek a presentence investigation because I do not believe that is going to
benefit him at all.  But, beyond that, I
mean, I believe even though he=s been treated by MHMR I do believe he is competent.  He has the capacity.  He discussed with me these offenses.  He appears to understandBthat he understands the
procedure.  I do not think this is an
issue of competency.  I think he has the
right to make this decision even though it is, in my opinion, the wrong
decision.

 

At this same hearing, the following exchange subsequently
took place between Briscoe and the trial court:

[Trial
Court]: . . . You understand the ranges of punishment?

 

[Briscoe]:  Yes, ma=am.

 

[Trial
Court]:  And did you have any questions
at all about the documents you signed?

 

[Briscoe]:  No, ma=am.

 








[Trial
Court]:  And your attorney has gone over
this with you.  Did you have any
questions of him?

 

[Briscoe]:  He already did, he did.  My attorney did.

 

[Trial
Court]:  Do you have any questions?

 

[Briscoe]:  No.

 

[Trial
Court]:  None at all?

 

[Briscoe]:  No, ma=am.

 

The trial court concluded the hearing by stating the
following: AAnd I do find that you[] are competent and
find that you are freely and voluntarily making this decision albeit maybe not
the smartest one you ever made.  This is
your last chance.  Do you want to change
your mind?@  To
this, Briscoe answered, ANo, ma=am.@ 








The trial court complied with the
statutory requirements for accepting Briscoe=s guilty pleas
through the written admonitions, which Briscoe and his attorney  signed. 
Moreover, given those written admonitions and the detailed discussions
at the plea hearing between Briscoe, his attorney, and the trial court about
Briscoe=s pleas, Briscoe=s argument that he
was Aconfused@ when he entered
his pleas[3]
fails to satisfy his Aheavy burden@ to prove that his
pleas were involuntary.  See Acosta,
160 S.W.3d at 211;  Arreola, 207
S.W.3d at 391.  Therefore, we overrule
Briscoe=s first point.

IV. 
Assessment of Maximum Punishment

In his second point, Briscoe argues that
the trial court=s assessment of the maximum punishment as
to all six charges violated his Due Process rights under the Fifth and
Fourteenth Amendments of the United States Constitution.  The State argues that Briscoe failed to preserve
any error as to this point, though it notes that at least one court of appeals
has held that a defendant may complain for the first time on appeal about a
trial court>s alleged refusal to consider the full
range of punishment.  Jaenicke v.
State, 109 S.W.3d 793, 796B97 (Tex. App.CHouston [1st
Dist.] 2003, pet. ref=d); Steadman v. State, 31 S.W.3d
738, 741B42 (Tex. App.CHouston [1st
Dist.] 2000, pet. ref=d). Assuming, without deciding, that
Briscoe was not required to preserve his complaint for appeal, we conclude that
he has not shown that he was denied due process.

A. Standard of Review








A trial court denies due process when it
arbitrarily refuses to consider the entire range of punishment.  McClenan v. State, 661 S.W.2d 108, 110
(Tex. Crim. App. 1983), overruled on other grounds by De Leon v.
Aguilar, 127 S.W.3d 1 (Tex. Crim. App. 2004);  Burke v. State, 930 S.W.2d 230, 234
(Tex. App.CHouston [14th Dist.] 1996, pet. ref=d).  AArbitrary@ means capricious
and unreasonable.  Roman v. State,
145 S.W.3d 316, 320 (Tex. App.CHouston [14th
Dist.] 2004, pet. ref=d). 
An opinion based on personal knowledge and reason is Athe exact opposite
of arbitrary.@  Id.  In the absence of a clear showing to the
contrary, we assume that the trial court was neutral and detached in imposing a
sentence.  Jaenicke, 109 S.W.3d at
796; Salinas v. State, 9 S.W.3d 338, 340 (Tex. App.CSan Antonio 1999,
no pet.).

B. 
Analysis 








In arguing that the trial court was not
neutral and detached in imposing its sentence, Briscoe relies on statements by
both the trial court and his attorney. 
Neither statement, however, indicates that the trial court arbitrarily
refused to consider the entire range of punishment.  During the plea hearing, the trial court
stated that Briscoe=s best interest Awould probably not
be served by me setting his sentence.@  This does not, in and of itself, indicate
that the trial court arbitrarily refused to consider the entire range of
punishment.  Particularly since the trial
court knew that Briscoe wanted to plead Aguilty@ to all six
charges and that he wanted to plead Atrue@ to the
repeat-offender notices in five of the charges, this statement does not clearly
indicate that the trial court was not neutral and detached in imposing Briscoe=s sentence.  See Jaenicke, 109 S.W.3d at
796; Salinas, 9 S.W.3d at 340.

Briscoe also relies on the following
statement from his attorney: AI think that Mr.
Briscoe very likely would be from a jury or this court, is going to receive a
life sentence.  And I know the Court
[hasn=t] prejudged that,
but I think that=s well within the range of possibility.@  By his own words, however, Briscoe=s attorney
acknowledged that the trial court had not prejudged Briscoe=s sentence.  In this same statement, Briscoe=s attorney also
acknowledged that because of the specific facts of Briscoe=s case, a life
sentence was Avery likely.@  This statement, made by someone very familiar
with the specifics of Briscoe=s case, suggests
that imposition of a life sentence would not be Acapricious and
unreasonable.@  See
Roman, 145 S.W.3d at 320.  








Finally, we note that on the day of the
sentencing hearing, the trial court  had
received and reviewed Briscoe=s presentence
investigation report, which recommended that Briscoe be sentenced to prison Afor a lengthy term
deemed appropriate by the Court.@  During the hearing, the State offered the
report as evidence, and Briscoe=s attorney stated
that A[w]e have no
objections since Mr. Briscoe specifically asked that this report be generated
and available to the Court over my objection.@  Following testimony by Briscoe, the trial
court sentenced him.  All of this
indicates that the trial court=s assessment
of  Briscoe=s punishment was
not arbitrary; instead, it was based on Apersonal knowledge
and reason.@  See
id.   

Thus, Briscoe has not clearly shown that
the trial court was not neutral and detached in imposing the sentences.  See Jaenicke, 109 S.W.3d at
796; Salinas, 9 S.W.3d at 340. 
Briscoe=s second point is overruled.

V. 
Conclusion

Having overruled both of Briscoe=s points, we
affirm the trial court=s judgment.

       

PER CURIAM

 

PANEL F:    MCCOY, LIVINGSTON, and DAUPHINOT, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: June 5, 2008











[1]See Tex. R. App. P. 47.4.





[2]Notably, on each of these six
documents, a statement that Briscoe Awaive[s] preparation of a presentence investigation report@ has been marked out, and both
Briscoe=s initials and his attorney=s initials appear next to the
marked-out statement. 





[3]Specifically, Briscoe argues that
his ignorance of the consequences of his pleas of Aguilty@ without a plea bargain was Aobvious@ because at the beginning of the
sentencing hearing, he Afervently requested to be allowed
to accept, belatedly, the thirty-three year plea bargain offer.@