Ernest **ROMAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 14–03–00404–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 17, 2004.

Clinton F. Greenwood, Houston, for appellants.

Amanda Joy Peters, Houston, for appellees.

Panel consists of Justices FOWLER, EDELMAN, and SEYMORE.

## MAJORITY OPINION

WANDA McKEE FOWLER, Justice.

The jury convicted appellant of delivery of a controlled substance over 400 grams and assessed punishment at forty years' confinement, and a $50,000 fine. Appellant is complaining about actions taken before his conviction—actions and words of the trial judge, who he claims could not consider the full range of punishment.

In a single issue, appellant complains that the trial judge should have been recused and that the judge hearing appellant's motion to recuse erred in denying it. We hold that the trial judge exhibited a bias—a bent or tendency—but was not *biased* as contemplated by the case law. As a result, we affirm the denial of the motion to recuse because (1) the trial judge's opinions about punishment were based on specific facts of the defendant's case—reflecting an attempt to fit the punishment with the crime—and (2) the knowledge the trial judge gained about the case from trying a co-defendant was not knowledge gained from an extra-judicial source.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant was accused of hand-delivering approximately one pound of a controlled substance to an undercover informant working for the Drug Enforcement Agency. Immediately after the transaction, agents from the Drug Enforcement Agency arrested appellant. Appellant pleaded not guilty to the charge by indictment of delivery of a controlled substance weighing over 400 grams. Appellant's case was assigned to the 178th District Court in Harris County, Judge William Harmon presiding.

Before the punishment phase of the trial, appellant filed a motion to recuse Judge Harmon based on a dialogue they had when appellant's counsel informed the Judge they would like him to assess punishment. In the motion, appellant primarily complained that Judge Harmon was unable to consider the full range of punishment. He claimed that this problem effectively removed his right to elect who assessed punishment—the judge or the jury—and that it deprived him of due process. Appellant supported this complaint with three comments Judge Harmon made: first, Judge Harmon explained that under a similar first-degree felony drug case, he gave the defendant life in prison; second, Judge Harmon suggested he would have given a longer sentence to appellant's co-defendant than the jury assessed; and third, in a discussion between appellant's trial counsel and Judge Harmon about punishment, the judge told appellant's counsel that a jury—and not he—should assess punishment, because he was likely to impose a higher punishment than a jury.

Judge Harmon denied the motion to recuse and thereafter Judge Tracy Christopher presided over the recusal hearing. *See* Tex.R. Civ. P. 18a. Judge Christopher conducted a hearing and denied appellant's motion.

Appellant ultimately did go to a jury, which found appellant guilty as charged, sentenced him to forty years' confinement in the Texas Department of Criminal Justice, Institutional Division, and ordered him to pay a $50,000 fine.

## ANALYSIS

■ As noted earlier, in his sole point of error, appellant contends the conviction should be reversed because Judge Christopher denied the motion to recuse Judge Harmon, which in turn meant that appellant was forced to go to the jury for punishment rather than having a choice between the judge and the jury. Appellant contends Judge Harmon should have been recused because of both an arbitrary refusal to consider the entire range of punishment and because of bias. Under these allegations, recusal is appropriate (1) if the court arbitrarily refused to consider the evidence or imposed a predetermined punishment, or (2) if the appellant has provided sufficient facts to establish that a reasonable person, knowing all the circumstances involved, would harbor doubts as to the impartiality of the trial court. *Kemp v. State*, 846 S.W.2d 289, 306 (Tex.Crim.App.1992); *Jaenicke v. State*, 109 S.W.3d 793, 796 (Tex.App.-Houston [1st Dist.] 2003, pet ref'd); *see also* Tex.R. Civ. P. 18b(2).

■ When we review an order denying a motion to recuse, we overturn the order only if the trial court abused its discretion. *See* Tex.R. Civ. P. 18a(f); *see also Arnold v. State*, 853 S.W.2d 543, 544 (Tex.Crim.App.1993) (holding rule 18a applicable to criminal cases). The trial court abuses its discretion only if the ruling on the motion was not within the zone of reasonable disagreement. *See Kemp*, 846 S.W.2d at 306. We consider "the totality of the evidence" elicited at the recusal hearing. *See id.*

### 1. Arbitrary refusal to consider full range of punishment.

■ A court denies a defendant due process when it arbitrarily refuses to consider the entire range of punishment or imposes a predetermined punishment. *See McClenan v. State*, 661 S.W.2d 108, 110 (Tex.Crim.App.1983), *overruled in part on other grounds by DeLeon v. Aguilar*, 127 S.W.3d 1, 5 (Tex.Crim.App.2004); *Jaenicke*, 109 S.W.3d at 796. However, refusal to consider the entire range of punishment would not be arbitrary if certain facts were proved, and other mitigating facts not proved. *See McClenan*, 661 S.W.2d at 110. In the absence of a clear showing to the contrary, this court will presume that the trial court was neutral and detached. *See id.; Steadman v. State*, 31 S.W.3d 738, 741–42 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd).

Appellant contends all of Judge Harmon's comments related to punishment show that Judge Harmon arbitrarily refused to look at the lower range of punishment. Two facts in this case refute appellant's argument.

First, the evidence presented at the recusal hearing refutes appellant's claim. The recusal hearing record shows Judge Harmon expressly pronounced that if appellant elected to have him assess punishment, he would consider the full range of punishment: "I can consider the entire range of punishment in your case, Mr. [appellant]. Let there be no doubt about it. . . ." Like the court in *McClenan*, we find these statements analogous to those of a juror who can consider the entire range of punishment, but perhaps not once she learns the facts of the case. During the recusal hearing appellant's trial counsel also admitted that Judge Harmon made no commitment to punishment or guilt, and was going to great efforts to be fair to

appellant.[1] The mere fact that the appellant fears that Judge Harmon arbitrarily refused to look at the lower range of punishment is insufficient cause to grant a motion for recusal.[2]

A second fact refutes appellant's claim that the Judge arbitrarily refused to look at the lower range of punishment. Arbitrary means capricious or unreasonable, or a decision based on uninformed opinion. Judge Harmon's statements were made after he presided over the trial of one of appellant's co-defendants. Based on the evidence in that trial, the judge knew what punishment he thought appellant should receive—subject to any mitigating evidence that might be introduced. Such an opinion, based on personal knowledge and reason, is the exact opposite of arbitrary. *See* WEBSTER'S COLLEGIATE DICTIONARY 59 (10th ed.2002); OXFORD ENCYCLOPEDIC ENGLISH DICTIONARY 67 (1991). The case law supports this conclusion.

First is *Jaenicke v. State*, which appellant relies on, but which we think shows Judge Harmon did not arbitrarily refuse to consider the full range of punishment. *Jaenicke*, 109 S.W.3d at 795. In *Jaenicke*, the challenged judge told the defendant he was forced to assess the maximum punishment based on past jury verdicts that assessed similar punishments for "cases probably not as bad as this." *Id.* The court held that the comments implicitly showed the court considered the evidence, and thus the trial court's comments were not sufficient to rebut the presumption of a neutral and detached trial court. *Id.* at 796. Further, the court found the statements did not reveal a predetermined punishment, but instead, were an attempt to assess a sentence proportionate to the crime. *Id.* This case is like *Jaenicke*. The trial judge court was stating that he would assess a sentence proportionate to the crime based on personal knowledge of the evidence.

The Court of Criminal Appeals has also addressed this issue in *McClenan v. State*. *See McClenan*, 661 S.W.2d at 110–11. In *McClenan*, the challenged judge informed defense counsel that he could consider the entire range, but if the State proved the facts as elaborated in its voir dire statements to the jury, he would not grant probation. *Id.* at 110. The Court of Criminal Appeals found this statement analogous to the statement of a juror that she can consider the minimum punishment in a proper case, but not if certain facts are shown. In that scenario, the juror could not be challenged for cause. That juror and Judge Harmon are in the same legal position. Neither can be challenged

1. As appellant's trial counsel testified during the recusal hearing,

 Q. But he did state for the record he would consider the full range of punishment?
 A. He did.
 Q. Would you agree the Judge is going through a great deal of effort to be fair to your client to let him know where he was, what he was accused of, what his exposure was?
 A. Not only to my client but every client that comes through there.
 \* \* \* \* \* \*
 Q. So the Judge has made no commitments one way or another as to what the punishment will be?
 A. No commitments.

2. When asked at the recusal hearing about the range of punishment appellant's trial counsel responded:

 Q. From your opinion, ... what you're saying is based upon all of the conversation you think the Judge could give your client greater than 25 years?
 A. Um, what I'm saying is based upon the conversation, my impression was that, um, that would be a stretch. I mean, giving him less than 25 years would be a stretch, yes.

successfully for their case-specific opinions. *See id.* at 110; *see also Liteky v. U.S.,* 510 U.S. 540, 552, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). A case-specific opinion within the statutory range of punishment is not arbitrary. Only an *arbitrary* refusal to consider the entire range of punishment would constitute a denial of due process. *Compare id. with Norton v. State,* 755 S.W.2d 522, 523–24 (Tex.App.-Houston [1st Dist.] 1988), *pet. ref'd,* 771 S.W.2d 560 (Tex.Crim.App.1989) (holding recusal of trial judge warranted, because of judge's statement prior to trial that jail time *would be* assessed even upon a jury verdict of probation).

In summary, the evidence presented at the recusal hearing shows that the judge conducted a fair and impartial trial and that he limited the range of punishment because of an opinion he formed based on the specific facts of appellant's case. The statements regarding punishment were not arbitrary and the case law supports this conclusion. Thus, nothing at the hearing rebutted the presumption of a neutral and detached trial judge, and Judge Christopher did not abuse her discretion when she denied appellant's motion to recuse.

### 2. Bias

■ Although appellant's brief primarily focused on Judge Harmon's ability to consider the full range of punishment, the brief also appears to raise extrajudicial bias as a basis for recusal. Appellant alleges Judge Harmon's reference to similar felony drug cases and the outcome in appellant's co-defendant's case show an extrajudicial bias. Generally, partiality or bias must stem from an extrajudicial source and result in an opinion on the merits of the case other than what the judge learned from participating in the case. *See United States v. Grinnell Corp.,* 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966); *Kemp,* 846 S.W.2d at 305–06. Further, partiality or bias may only be a ground for recusal when it is of such a nature and extent as to deny the movant due process of law. *See Kemp,* 846 S.W.2d at 305.

### a. The opinions formed were not from an extra-judicial source.

■ Black's Law Dictionary describes the word *extrajudicial* as an adjective defining something taking place "[o]utside court" or "outside the functioning of the court system," and refers to the phrase *out-of-court,* meaning "[n]ot done or made as a part of a judicial proceeding," as a synonym to the word *extrajudicial. See* BLACK'S LAW DICTIONARY 606 (7th ed.1999). The plain language meaning of *extrajudicial* then, suggests that a statement made within a judicial proceeding, and repeated in a judicial proceeding, cannot be from an extrajudicial source. Although we have not found any Texas cases applying the extrajudicial source rule when the ground for recusal is knowledge obtained during a co-defendant's case, several federal circuit courts have held that a motion for recusal may not be based upon the judge's rulings from a related case.[3]

Judge Harmon's comments represent "opinions formed ... on the basis of facts ... or events occurring in the course of the current proceedings, or of prior pro-

---

**3.** *See McWhorter v. City of Birmingham,* 906 F.2d 674, 678 (11th Cir.1990) ("Ordinarily, a judge's rulings in the same or *related* case may not serve as the basis for a recusal motion."); *U.S. v. Phillips,* 664 F.2d 971, 1002–03 (5th Cir.1981) ("[A] motion for recusal may not ordinarily be predicated upon the judge's rulings in the same or a related case."); *Smith v. U.S.,* 360 F.2d 590, 592 (5th Cir.1966) ("[I]t has been held that a trial judge who has obtained background information on a defendant, for legitimate reasons ... does not thereby render himself incompetent to try that defendant.").

ceedings," and are the type of opinions that the United States Supreme Court has held nearly exempt from causing recusal. *See Andrade v. Chojnacki,* 338 F.3d 448, 462 (5th Cir.2003) (quoting *Liteky,* 510 U.S. at 555, 114 S.Ct. 1147). Thus, Judge Harmon's knowledge of the facts of appellant's case do not stem from an extrajudicial source.

**b. Any alleged bias does not indicate a high degree of favoritism or antagonism.**

 If the alleged bias is not from an extra-judicial source, the only proper basis for recusal based on bias is a bias indicating a high degree of favoritism or antagonism. *See Ludlow v. DeBerry,* 959 S.W.2d 265, 271 (Tex.App.-Houston [14th Dist.] 1997, no pet.) However, as previously discussed, appellant's trial counsel admitted during the recusal hearing that Judge Harmon was "going through a great deal of effort" to be fair to his client and to every defendant in his courtroom, and the sense from the testimony was that Judge Harmon was being fair. In addition, by having an opinion on the degree of punishment appellant should receive, the Judge was not reflecting a high degree of antagonism toward appellant, because his opinion was based on his knowledge of the case from having tried appellant's co-defendant. One could say he had a bias, but not an improper one.[4] We find Judge Christopher did not abuse her discretion by concluding that any alleged bias of Judge

Harmon was not prejudicial in nature or extent as to deny due process of law.

We affirm the trial court's judgment.

EDELMAN, J., concurring.

RICHARD H. EDELMAN, Justice, concurring.

In essence, the trial court did not abuse its discretion in denying appellant's motion to recuse because: (1) Judge Harmon testified at the recusal hearing that he could consider the full range of punishment; and (2) the evidence was undisputed that he had consistently told the parties that he could do so.[1] Moreover, the comments relied upon by appellant (to show that Judge Harmon would not consider the full range of punishment) reflected only that he thought he would be less lenient than a jury in sentencing, but not that he could not, or would not, consider the full range of punishment in whatever sentencing decision he made. I thus believe it is unnecessary (at best) to determine that Judge Harmon was biased at all, let alone whether as contemplated by case law or from non-judicial sources.[2]

---

4. Although "bias" can mean an unreasoned prejudice, which is how appellant is using it and what the rule contemplates, bias also means a bent, tendency, or predilection. *See* WEBSTER'S COLLEGIATE DICTIONARY 110 (10th ed.2002). The bias exhibited here by Judge Harmon was a bent, tendency, or predilection based on his knowledge of the crime appellant committed. The record does not lead one to conclude that Judge Harmon's opinion was unshakable regardless of the facts.

1. *See, e.g., Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 211 (Tex.2002) (noting that a trial court does not abuse its discretion if some evidence reasonably supports its decision).

2. *See* TEX.R.APP. P. 47.1 (requiring court of appeals opinions to be as brief as practicable to address the issues necessary to disposition of the appeal).