Affirmed and Memorandum Opinion
filed August 31, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00379-CR



Jermaine C.
Mitchell, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 184th District Court

Harris County, Texas

Trial Court
Cause No. 1179883



 

MEMORANDUM OPINION 

Following a jury trial, appellant Jermaine C.
Mitchell was convicted of aggravated assault and sentenced to ten years’
imprisonment.  Appellant challenges his conviction in seven issues.  In issues
one, two, and three, appellant contends the evidence is legally and factually
insufficient to support his conviction and that the trial court erred by
denying his motion for directed verdict.  In issue four, appellant argues the
trial court erred by refusing to instruct the jury on the lesser-included
offense of deadly conduct.  In issues five and six, appellant maintains the
trial judge erred by overruling his motion for new trial and by failing to
recuse herself from the new-trial hearing.  In issue seven, appellant asserts
the trial court improperly admitted extraneous-offense testimony at trial.  We
affirm.  

Factual Background

            Near midnight on
December 11, 2006, Jonah Foster and her friend Chase left a restaurant and
began walking to Chase’s car in the restaurant’s parking lot.  Chase left
Foster’s side after seeing another friend in the parking lot.  As Foster
continued on to Chase’s car, a Mercedes Benz driven by Victor Galvez and with
appellant in the passenger’s seat pulled alongside her.  The men began trying
to strike up a conversation with Foster, who was standing next to Galvez’s
door.  At some point, Galvez got out of the Mercedes and walked away from
Foster.  Appellant then asked Foster if she wanted to get in the car.  Foster
said “No” and began looking for Chase.  As Foster scanned the parking lot, she
noticed appellant reach into the rear seat of the vehicle.  When she looked
back at the vehicle, Foster saw that appellant had a rifle in his lap. 
Appellant’s hands were on the rifle, which was pointed at Foster, and appellant
was looking directly at her.  Foster immediately ran away from the Mercedes and
located Chase, who called the police.  As Chase called the police, Foster was
approached by Leah John, who overheard Foster speaking with Chase.  John asked
Foster “It happened to you, too?” and the two women began discussing the
night’s events.  

Approximately two minutes later, members of the
Houston Police Department arrived at the restaurant and stopped a Mercedes
matching the description and license plate number provided by Foster and
Chase.  Officers recovered an AK-47 assault rifle from the floorboard of the rear
seat, as well as two clips containing ammunition and a ski cap embroidered with
“Police” from the vehicle’s trunk.  Foster provided the police with a statement
and positively identified appellant as the individual who pointed the rifle at
her and the recovered AK-47 as the weapon he used.  Appellant was then arrested. 
John also spoke with the police and stated that Galvez pointed a rifle at her
after the Mercedes approached her in the parking lot.  

            Appellant was indicted
and tried for aggravated assault.  The jury found appellant guilty and assessed
punishment at ten years’ confinement in the Texas Department of Criminal
Justice, Institutional Division.  This appeal followed.  

Sufficiency of the Evidence

            In his first and
third issues, appellant contends the evidence is legally and factually
insufficient to support his conviction because the State failed to prove that appellant
committed aggravated assault while using or exhibiting a deadly weapon.  In his
second issue, appellant argues the trial court erred by denying his motion for
directed verdict.[1] 


A.    Standards
of Review 

            When reviewing
the legal sufficiency of the evidence, we view the evidence in the light most
favorable to the verdict and determine whether a rational trier of fact could
find the essential elements of the charged offense beyond a reasonable doubt.  Rollerson
v. State, 227 S.W.3d 718, 724 (Tex. Crim. App. 2007).  As the trier of
fact, the jury “is the sole judge of the credibility of the witnesses and of
the strength of the evidence.”  Fuentes v. State, 991 S.W.2d 267, 271
(Tex. Crim. App. 1999).  As such, the jury may choose to believe or disbelieve
any portion of the testimony at trial.  Sharp v. State, 707 S.W.2d 611,
614 (Tex. Crim. App. 1986).  However, our duty as a reviewing court requires us
to ensure that the evidence presented actually supports a conclusion that the
defendant committed the crime charged.  Williams v. State, 235 S.W.3d
742, 750 (Tex. Crim. App. 2007).  

            While conducting
a factually sufficiency review, we view all of the evidence in a neutral light
to determine whether the jury’s verdict is justified.  Lancon v. State,
253 S.W.3d 699, 705 (Tex. Crim. App. 2008); Roberts v. State, 220 S.W.3d
521, 524 (Tex. Crim. App. 2007).  A conviction may be reversed for factual
insufficiency only when (1) the evidence supporting the verdict is so weak that
the verdict seems clearly wrong and manifestly unjust or (2) there is some
objective basis in the record showing the verdict is contradicted by the great
weight and preponderance of the evidence.  Berry v. State, 233 S.W.3d
847, 854 (Tex. Crim. App. 2007).  During our review, we discuss the evidence
the appellant claims is most important in allegedly undermining the jury’s
verdict.  Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).  If
we determine the evidence is factually insufficient, we must explain in exactly
what way we perceive the conflicting evidence to greatly preponderate against
conviction.  Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006). 


B.     Analysis


A person commits the offense of assault if that
person intentionally or knowingly threatens another with imminent bodily
injury.  Tex. Penal Code Ann.
§ 22.01(a)(2) (Vernon Supp. 2009).  “Serious bodily injury” means bodily
injury that creates a substantial risk of death or that causes death, serious
permanent disfigurement, or protracted loss or impairment of the function of
any bodily member or organ.  Id. § 1.07(a)(46).  The offense
becomes aggravated assault if the offender uses or exhibits a deadly weapon
while carrying out the assault.  Id. § 22.02(a)(2).  “Deadly
weapon” is defined as a firearm or anything manifestly designed, made, or
adapted for the purpose of inflicting death or serious bodily injury.  Id.
§ 1.07(a)(17)(A).  

            Appellant asserts
the State failed to prove he threatened Foster with imminent bodily injury.  In
support of this contention, appellant cites several portions of Foster’s
testimony in which she states that appellant did not say anything to her or
make his intentions known after reaching into the back seat to grab the rifle. 
Thus, appellant asserts, at no point did his conduct with the assault rifle or
his actions ever communicate a threat to Foster.  

            The gist of an
assault offense is that an individual acts with the intent to cause a
reasonable apprehension of imminent bodily injury, though not necessarily with
the intent to cause such harm.  Dobbins v. State, 228 S.W.3d 761, 766
(Tex. App.—Houston [14th Dist.] 2007, pet. dism’d, untimely filed); Edwards
v. State, 57 S.W.3d 677, 679 (Tex. App.—Beaumont 2001, pet. ref’d).  Evidence
is sufficient to sustain a conviction for aggravated assault by threat when it
establishes that (1) the victim perceived a threat and (2) a threat was made.  See
Olivas v. State, 203 S.W.3d 341, 350 (Tex. Crim. App. 2006); Dobbins,
228 S.W.3d at 766.  

It is well-established that threats may be conveyed
in more varied ways than merely orally.  McGowan v. State, 664 S.W.2d
355, 357 (Tex. Crim. App. 1984); Dobbins, 228 S.W.3d at 766.  In
addition to being communicated orally, threats also may be communicated by
action or conduct.  Dobbins, 228 S.W.3d at 766; Tidwell v. State,
187 S.W.3d 771, 775 (Tex. App.—Texarkana 2006, pet. struck).  Under the proper
circumstances, the mere presence of a deadly weapon may be enough to instill
fear and threaten a person with bodily injury.  Tidwell, 187 S.W.3d at
775; Gaston v. State, 672 S.W.2d 819, 821 (Tex. App.—Dallas 1983, no
pet.) (op. on reh’g) (“It was the presence of the gun in appellant’s hand that
instilled fear in complainant and made her feel threatened with bodily
injury.”); see also Williams v. State, No. 01-03-00443-CR, 2004 WL
1065360, at *2 (Tex. App.—Houston [1st Dist.] May 13, 2004, pet. ref’d) (mem.
op., not designated for publication) (concluding testimony by complainant that
defendant pointed a pistol at her head was legally sufficient evidence to
sustain an aggravated assault conviction).  Additionally, aiming a deadly
weapon at a supposed victim is sufficient evidence of a threat to sustain a
conviction for aggravated assault.  Ward v. State, 113 S.W.3d 518, 521
(Tex. App.—Houston [1st Dist.] 2003, pet. ref’d).  

            Here, Foster
testified that she began to feel scared after appellant asked her to get into
the Mercedes.  After Foster declined to enter the vehicle, appellant reached
into the back seat, grabbed an assault rifle, and laid it in his lap with it
pointed at Foster.  Foster stated that although appellant did not orally
threaten her, she was scared appellant “was going to shoot me or something” and
felt threatened with imminent bodily injury.  Under these facts, we conclude
Foster’s testimony establishes that (1) Foster perceived a threat and (2)
appellant threatened Foster with imminent bodily injury by pointing an assault
rifle at her.  See, e.g., Olivas, 203 S.W.3d at 350; Tidwell,
187 S.W.3d at 775; Ward, 113 S.W.3d at 521.  

Appellant also contends the State failed to prove he
used or exhibited a deadly weapon.  We disagree.  According to the uncontested
facts at trial, appellant placed an assault rifle in his lap and pointed it at
Foster.  A firearm is a deadly weapon per se.  See Tex. Penal Code Ann.
§ 1.07(a)(17)(A); Ex parte Huskins, 176 S.W.3d 818, 820 (Tex. Crim.
App. 2005).  Accordingly, there is sufficient evidence showing that appellant
used or exhibited a deadly weapon during his encounter with Foster.  

            After viewing the
evidence in the light most favorable to the verdict, we conclude a rational
finder of fact could have found beyond a reasonable doubt that appellant
threatened Foster with imminent bodily injury while using and exhibiting a
deadly weapon.  We further conclude, after conducting a neutral review of the
evidence, that the proof supporting the verdict is not so week as to appear
clearly wrong and manifestly just or contradicted by the great weight and
preponderance of the evidence.  The evidence is therefore legally and factually
sufficient to support appellant’s conviction.  See Rollerson, 227 S.W.3d
at 724; Berry, 233 S.W.3d at 854.  We overrule appellant’s first,
second, and third issues.  

Deadly-Conduct Instruction

In his fourth issue, appellant argues the trial court
erred by refusing his request to include an instruction on the lesser-included
offense of deadly conduct.  After the close of evidence, appellant requested
that the jury charge include an instruction on deadly conduct.  The State
opposed appellant’s request, arguing there was no evidence that appellant was
guilty only of the lesser-included offense.  The trial court denied appellant’s
request.  

A.    Standard
of Review 

            We review a trial
court’s decision regarding a lesser-included offense charge for an abuse of
discretion.  Hall v. State, 283 S.W.3d 137, 157 (Tex. App.—Austin 2009,
pet. ref’d); Dobbins, 228 S.W.3d at 768.  We use a two-pronged test to
determine whether a defendant is entitled to an instruction on a
lesser-included offense.  See Pickens v. State, 165 S.W.3d 675, 679
(Tex. Crim. App. 2005).  First, the lesser-included offense must be included
within the proof necessary to establish the charged offense.  Id.  Second,
the record must contain some evidence that if the defendant is guilty, he is
guilty only of the lesser offense.  Id.  

B.     Analysis


            We will focus our
analysis on the second prong of the test as it is well-settled that deadly
conduct is a lesser-included offense of aggravated assault.  See Guzman v.
State, 188 S.W.3d 185, 190 (Tex. Crim. App. 2006); Isaac v. State,
167 S.W.3d 469, 474 (Tex. App.—Houston [14th Dist.] 2005, pet. ref’d).  When
applying the second prong of the test, we review all of the evidence presented
at trial without considering the credibility of the evidence or whether it
conflicts with other evidence.  Delacruz v. State, 278 S.W.3d 483, 488
(Tex. App.—Houston [14th Dist.] 2009, pet. ref’d).  If more than a scintilla of
evidence from any source indicates that the defendant is guilty only of the
lesser-included offense, the trial court must submit the requested
instruction.  Williams v. State, 294 S.W.3d 674, 680–81 (Tex.
App.—Houston [1st Dist.] 2009, pet. ref’d).  The record must contain
affirmative evidence raising the lesser offense before an instruction is
warranted.  Id.  

            The principal
difference between aggravated assault as charged in the indictment and deadly
conduct is the culpable mental state.  A conviction for aggravated assault
requires proof that the defendant intentionally or knowingly threatened
another with imminent bodily injury while using or exhibiting a deadly weapon. 
See Tex. Penal Code Ann.
§§ 22.01(a)(2), 22.02(a)(2).  In contrast, a conviction for deadly conduct
requires proof that the defendant recklessly engaged in conduct that
placed another in imminent danger of serious bodily injury.  See id. § 22.05(a)
(Vernon 2003).  Recklessness and danger are presumed if the actor knowingly
pointed a firearm at or in the direction of another, whether or not the actor
believed the firearm to be loaded.  Id. § 22.05(c).  Appellant
contends the jury could have reasonably concluded that his conduct in pulling
out the rifle and placing it on his lap while Foster stood near the Mercedes
constituted a conscious disregard of a substantial and unjustifiable risk, thus
raising the issue of recklessness.  See id. § 6.03(c) (defining
reckless behavior).  

            The undisputed
evidence at trial establishes that Foster saw appellant reach into the rear
seat of the Mercedes after she declined to get in the car with him.  When
Foster turned back toward appellant after looking for her friend, she saw appellant
staring directly at her with his hands on the rifle while the barrel of the
rifle was pointed at her.  This does not constitute evidence that appellant’s
conduct was merely reckless; rather, it demonstrates that he acted deliberately
and intentionally in reaching for a weapon and pointing it at Foster.  As the
evidence does not raise more than a scintilla of evidence that appellant was
guilty only of the lesser-included offense of deadly conduct, appellant was not
entitled to a deadly-conduct instruction.  See Williams, 294
S.W.3d at 681 (“There must be affirmative evidence in the record raising the
lesser offense before an instruction is warranted.”).  

            In spite of the
lack of evidence supporting appellant’s requested instruction, appellant
contends the trial court “acknowledge[d] that the evidence raised the issue of
reckless conduct.”  Appellant references the following exchange between the
trial judge, defense counsel, and the prosecutor after appellant submitted his
request for a deadly conduct instruction: 

[The Court]: What evidence is there that it was only
reckless and not intentional, Mr. Hecker? 

[Defense Counsel]: The fact is that it wasn’t the type of
pointing a weapon that you normally see in an aggravated assault.  It wasn’t
the holding the weapon and pointing of the weapon, and we believe that it is
the difference that would make it a reckless act rather than an intentional act. 


. . . 

[The Court]: What is your opinion, Ms. Evans?  Do you have
an opinion about it? 

[Prosecutor]: I’m trying to think in terms of what
specifically was raised from testimony.  

[The Court]: That it was reckless instead of intentional?  

Appellant maintains the trial
judge’s query “That it was reckless instead of intentional?” constitutes “the
trial court’s own admission” that the evidence raised the issue of reckless
conduct.  This is a mischaracterization of the trial judge’s statement, which
was plainly meant to clarify the prosecutor’s statement.  The trial judge
clearly did not believe the evidence raised the issue of recklessness, given
her ultimate conclusion that “I just don’t see it, since I have heard the
testimony.  I just don’t see it as reckless.  So, the Defense request for a
lesser is denied.”  

            The evidence in
this case does not demonstrate that appellant was guilty only of the
lesser-included offense of deadly conduct and not the greater offense of
aggravated assault.  Accordingly, the trial court did not err by overruling
appellant’s request for a deadly-conduct instruction.  We overrule appellant’s
fourth issue.  

Admissibility of Other Crimes,
Wrongs, or Acts

In his seventh issue, appellant contends the trial
court erred in admitting evidence of an extraneous act of misconduct by Victor Galvez,
the driver of the Mercedes.  According to the testimony, Leah John left the
restaurant at approximately the same time as Foster on the night of the
offense.  As she walked to her car, she was stopped by the vehicle containing
Galvez and appellant.  The two men asked John if she wanted to go have
breakfast with them.  John declined this invitation, and Galvez then asked if
he could drive her to her car.  John responded “No.  You could be a psycho. 
I’m not getting into the car with you.”  Galvez replied “I could be a psycho,”
and then reached into the rear seat, pulled out the assault rifle, and pointed
it at John.  John acknowledged that she spoke mainly with Galvez and that she
did not see appellant handle the rifle at any time.  Prior to and during trial,
appellant objected under Texas Rule of Evidence 404(b) that John’s testimony
constituted inadmissible extraneous offense evidence elicited to prove
appellant’s character.  See Tex.
R. Evid. 404(b).  The trial court overruled appellant’s objections and
allowed John to testify.  

On appeal, appellant contends that John’s testimony
was inadmissible under Rules 403 and 404(b) because its probative value was
substantially outweighed by the danger of unfair prejudice and it was
impermissible evidence of other crimes, wrongs, or acts elicited solely to
prove appellant’s character and character conformity.  See Tex. R. Evid. 403, 404(b).  Because
appellant’s sole objection at trial was that John’s testimony constituted
impermissible character evidence, the issue of whether her testimony was
unfairly prejudicial is not properly before this court.  See Tex. R. App. P. 33.1; Rothstein v.
State, 267 S.W.3d 366, 373 (Tex. App.—Houston [14th Dist.] 2008, pet. ref’d)
(“An objection stating one legal theory may not be used to support a different
legal theory on appeal.”).  An objection under Rule 404(b) is not sufficient to
raise the issue of unfair prejudice; further objection under Rule 403 is
required.  See Montgomery v. State, 810 S.W.2d 372, 388–89 (Tex. Crim.
App. 1990) (op. on reh’g); Grider v. State, 69 S.W.3d 681, 687 (Tex.
App.—Texarkana 2002, no pet.).  Therefore, we will address only whether John’s
testimony was admissible under Rule 404(b).  

A.    Standard
of Review 

Whether evidence of extraneous acts of misconduct has
relevance apart from character conformity is a question for the trial court.  De
La Paz v. State, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009).  We review a
trial court’s ruling on the admissibility of extraneous offenses for an abuse
of discretion.  Prible v. State, 175 S.W.3d 724, 731 (Tex. Crim. App.
2005).  There is no abuse of discretion so long as the trial court’s ruling is
within the “zone of reasonable disagreement.”  Winegarner v. State, 235
S.W.3d 787, 790 (Tex. Crim. App. 2007).  

B.     Analysis

Under Rule 404(b), evidence of other crimes, wrongs,
or acts is not admissible to prove an individual’s character or to show action
in conformity with that bad character.  See Tex. R. Evid. 404(b).  This is because evidence of extraneous
acts forces the accused to defend himself against uncharged crimes in addition
to the charged offense and encourages the jury to convict based on the
accused’s bad character rather than the proof at trial.  Daggett v. State,
187 S.W.3d 444, 451 (Tex. Crim. App. 2005).  Evidence of extraneous misconduct may
be admissible, however, “for other purposes, such as proof of motive,
opportunity, intent, preparation, plan, knowledge, identity, or absence of
mistake or accident.”  Tex. R. Evid.
404(b).  This list of exclusions is illustrative, not exhaustive.  See Berry,
233 at 858.  The circumstances justifying the admissibility of evidence of
extraneous misconduct must be judged on a case-by-case basis.  Pollard v.
State, 255 S.W.3d 184, 188 (Tex. App.—San Antonio 2008), aff’d, 277
S.W.3d 25 (Tex. Crim. App. 2009).  

            The Court of
Criminal Appeals has determined that Rule 404(b) applies to the conduct of
third parties in addition to the conduct of the accused.  See Castaldo v.
State, 78 S.W.3d 345, 348–49 (Tex. Crim. App. 2002); Thomas v. State,
137 S.W.3d 792, 795 (Tex. App.—Waco 2004, no pet.).  Third-party acts may
reflect on the character of the accused and, if they do, these acts are subject
to exclusion under Rule 404(b) unless an exception to the rule applies.  See
Lucky v. State, No. 05-02-00108-CR, 2003 WL 40670, at *5 (Tex. App.—Dallas
Jan. 6, 2003, no pet.) (not designated for publication) (citing Castaldo,
78 S.W.3d at 350–51).  

C.    John’s
Testimony Admissible to Show Context of the Offense 

            In overruling
appellant’s Rule 404(b) objection, the trial court reasoned that John’s
testimony was admissible as “same transaction contextual evidence.”  Same
transaction contextual evidence reflects the context in which the charged
offense occurred.  McDonald v. State, 148 S.W.3d 598, 601 (Tex.
App.—Houston [14th Dist.] 2004), aff’d, 179 S.W.3d 571 (Tex. Crim. App.
2005).  In order to realistically evaluate the evidence, the jury is entitled
to know all of the relevant facts and circumstances and to hear what occurred
immediately prior to and subsequent to the offense.  Prible, 175 S.W.3d
at 732; Wesbrook v. State, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000); Austin
v. State, 222 S.W.3d 801, 808 (Tex. App.—Houston [14th Dist.] 2007, pet.
ref’d).  To be admissible under Rule 404(b), same transaction contextual
evidence must be necessary to the jury’s understanding of the offense.  McDonald,
148 S.W.3d at 601–02.  Necessity is therefore the “other purpose” for which
such evidence may be admitted under Rule 404(b).  See Tex. R. Evid. 404(b); McDonald,
148 S.W.3d at 602.  Necessity may exist either because: (1) several offenses
are so intermixed or connected as to form a single, indivisible criminal
transaction, making it impracticable not to discuss one in describing the
other, or (2) the same transaction contextual evidence serves to establish some
evidentiary fact, such as motive or intent.  McDonald, 148 S.W.3d at
602; see also Mason v. State, No. 08-07-00189-CR, 2009 WL 2623363, at *6–7
(Tex. App.—El Paso Aug. 26, 2009, pet. ref’d) (not designated for publication)
(applying the McDonald standard and concluding arresting officer’s
testimony regarding his observations of appellant before, during, and after
appellant’s arrest provided the jury with information essential to
understanding the context and circumstances of the arrest).  

The State’s theory at trial was that appellant and
Galvez were intentionally threatening young women with the rifle while driving
through the restaurant’s parking lot.  During cross-examination of the State’s
witnesses, appellant attempted to demonstrate that the State had not proven
intent because he did not orally threaten Foster or lift the rifle out of his
lap while pointing it at her.  See, e.g., Olivas, 203 S.W.3d at
350 (evidence showing the victim perceived a threat is necessary to prove
aggravated assault by threat).  However, when appellant’s conduct with Foster
is viewed in context with his and Galvez’s interaction with John, mere minutes
later, the evidence showing appellant’s intent becomes much more apparent.  The
State was thus entitled to use John’s testimony to show the context in which
the charged offense occurred in order to establish appellant’s intent to
threaten Foster.  See Reyes v. State, 267 S.W.3d 268, 276 (Tex.
App.—Corpus Christi 2008, pet. ref’d) (“[I]ntent is a fact question to be
determined by the trier of facts from all the facts and circumstances in
evidence.”).  Further, because the evidence was closely related in time,
location, and subject matter with the charged offense, it was within the trial
court’s discretion to conclude it was “arising in the same transaction.”  See
McDonald, 148 S.W.3d at 602; see also Wesbrook, 29 S.W.3d at 115
(stating the jury has the right to hear what occurred immediately prior to and
subsequent to the offense).  The trial court, therefore, did not err by
concluding John’s testimony constituted same transaction contextual evidence
and overruling appellant’s Rule 404(b) objection.  

D.    Appellant
Was Not Harmed by John’s Testimony 

Even if the trial court erred in allowing John to
testify concerning Galvez’s actions, any error was harmless.  Error in the
admission of evidence constitutes non-constitutional error.  See Tex. R. App. P. 44.2(b); Plouff v.
State, 192 S.W.3d 213, 222 (Tex. App.—Houston [14th Dist.] 2006, no pet.). 
Reviewing courts disregard any non-constitutional errors that do not affect the
defendant’s substantial rights.  Tex. R.
App. P. 44.2(b); Plouff, 192 S.W.3d at 222.  A conviction may not
be overturned for non-constitutional error if the reviewing court, after
reviewing the record as a whole, has fair assurance that the error did not have
a substantial and injurious effect or influence in determining the jury’s
verdict.  Garcia v. State, 126 S.W.3d 921, 927 (Tex. Crim. App. 2004).  In
assessing the likelihood that the defendant’s substantial rights were adversely
affected, we consider the entire record, including voir dire, all testimony or
physical evidence considered by the jury, the State’s theory and any defensive
theories, the nature of the evidence supporting the verdict, the jury
instructions, closing arguments, whether the State emphasized the error, and
the character of the alleged error.  Rich v. State, 160 S.W.3d 575,
577–78 (Tex. Crim. App. 2005).  

Here, we cannot say that John’s testimony had a
substantial and injurious influence in determining the jury’s verdict. 
Foster’s testimony identifying appellant as the individual who pointed the
assault rifle at her is sufficient evidence, standing alone, to sustain
appellant’s conviction.  See Ward, 113 S.W.3d at 521.  John clearly
testified that, while appellant was in the vehicle with Galvez, she interacted
mainly with Galvez and that appellant did not handle the rifle at any time during
the encounter.  During closing argument, the prosecutor reemphasized
appellant’s lack of involvement with John by stating “[John] can’t put the gun
in [appellant’s] hands.  She didn’t have anything to do with him.”  Thus, the
jury was reminded on several occasions that appellant did not threaten John in
any manner.  The danger of the testimony having an injurious influence is
reduced when it involves evidence of a third party’s extraneous act.  See
Castaldo, 78 S.W.3d at 350 (noting in context of Rule 403 analysis that
danger of unfair prejudice may be much lower when evidence of a third party’s
extraneous act is offered).  Considering the record as a whole, including the
evidence of appellant’s guilt discussed above, any error by the trial court in
allowing John to testify regarding her encounter with Galvez did not affect
appellant’s substantial rights.  Accordingly, error, if any, in the admission
of extraneous-offense testimony was harmless.  We overrule appellant’s seventh issue.

Post-Verdict Motions

            After the trial
court entered final judgment, appellant filed a motion for new trial.  The
trial judge, the Honorable Jan Krocker, conducted a hearing regarding this
motion.  During the hearing, appellant argued that a new trial was necessary
because Judge Krocker denied his request for a deadly-conduct jury instruction
and overruled his Rule 404(b) objection to John’s testimony.  Appellant’s counsel
insisted that Judge Krocker initially found appellant was entitled to a deadly
conduct instruction, but changed her ruling after the prosecutor informed the
court that the State could defend the issue on appeal.  Counsel then announced
he would be filing a motion to recuse Judge Krocker from hearing the motion for
new trial because resolving the issue could involve calling Judge Krocker as a
witness to explain her rulings.  Judge Krocker stopped the proceedings and
allowed appellant to file an emergency motion to recuse.  The recusal motion
was assigned to the Honorable Belinda Hill, who conducted a hearing and denied
appellant’s motion.  Judge Krocker then continued the hearing regarding
appellant’s motion for new trial and denied appellant’s request.  These rulings
form the basis of appellant’s fifth and sixth issues.  

A.    Motion to
Recuse

            In his sixth issue,
appellant asserts Judge Krocker erred by failing to recuse herself from the
motion for new trial hearing.  

1.      Standard
of Review 

            We review a
denial of a motion to recuse for an abuse of discretion.  Tex. R. Civ. P. 18a(f); Roman v.
State, 145 S.W.3d 316, 319 (Tex. App.—Houston [14th Dist.] 2004, pet.
ref’d).  The determination of whether recusal is necessary is a fact-intensive
process that must be made on a case-by-case basis.  Abdygapparova v. State,
243 S.W.3d 191, 198 (Tex. App.—San Antonio 2007, pet. ref’d).  Absent a clear
showing to the contrary, we presume the trial court was neutral and detached.  Id. 
In making our determination, we consider the totality of the evidence presented
at the recusal hearing.  Roman, 145 S.W.3d at 319.  

2.      Bias
and Impartiality

Appellant contends Judge Krocker’s denial of his
request for a deadly-conduct instruction shows bias or partiality “of such a
nature and extent that it denied [appellant] due process of law.”  See Tex. R. Civ. P. 18b(2)(b) (stating a
judge shall be recused if he or she “has a personal bias or prejudice
concerning the subject matter or a party”).  Generally, bias or partiality
sufficient to warrant recusal must arise from an extrajudicial source and
result in an opinion on the merits based on information other than what the
judge learned from participating in the case.  Roman, 145 S.W.3d at
321.  If the alleged bias does not result from an extrajudicial source, the
only proper basis for recusal based on bias or partiality is a showing of a high
degree of favoritism or antagonism.  Id. at 322.  To make this showing, the
movant must provide sufficient information to show that a reasonable person
with knowledge of all of the circumstances would harbor doubts as to the
judge’s impartiality.  See Abdygapparova, 243 S.W.3d at 198.  The
alleged bias must be of such a nature and extent as to deny the defendant due
process of law.  Wesbrook, 29 S.W.3d at 121; Roman, 145 S.W.3d at
321.  

During the recusal hearing, appellant’s counsel
argued that Judge Krocker made a finding of recklessness by stating “That
[appellant’s conduct] was reckless instead of intentional?”  Counsel then
argued that Judge Krocker reversed this finding and decided not to include the
deadly-conduct instruction only after the prosecutor stated the State could
successfully defend the omitted instruction on appeal.  Counsel opined that
Judge Krocker should have recused herself from appellant’s motion for new trial
because she would “have to become a witness and explain her actions” for denying
appellant’s requested instruction after initially finding the issue of
recklessness was made.  The State argued that appellant made no showing that
Judge Krocker was influenced or biased in any way and that appellant was simply
trying to “subject Judge Krocker to cross-examination on each one of her
rulings.”  

Judge Krocker’s statements concerning appellant’s
alleged recklessness were not sufficient to create doubt as to her impartiality
or bias, thus interfering with appellant’s due process rights.  As we concluded
in our discussion of appellant’s fourth issue, the record does not support
appellant’s assertions that Judge Krocker found appellant’s conduct to be
reckless.  The only finding in the record concerning recklessness was Judge
Krocker’s ultimate conclusion that she did not see appellant’s conduct as reckless. 
Appellant is essentially arguing that Judge Krocker’s bias or partiality is
established by her ruling and that she would be called as a witness at the new
trial hearing to explain her ruling.  Standing alone, a judicial ruling can
almost never constitute a valid basis for a bias or partiality motion.  See
Liteky v. United States, 510 U.S. 540, 555 (1994) (“Almost invariably,
[judicial rulings] are proper grounds for appeal, not for recusal.”); Kniatt
v. State, 239 S.W.3d 910, 918 (Tex. App.—Waco 2007, pet. ref’d) (per
curiam) (op. on reh’g); Garcia v. State, 246 S.W.3d 121, 147 (Tex.
App.—San Antonio 2007, pet. ref’d), cert. denied, 129 S. Ct. 404 (2008).
 Also, as this court has previously noted, allowing recusal in every situation
where a party threatens to call the judge as a witness “would result in
unwarranted recusal and provide an easy means of recusing a judge.”  Sommers
v. Concepcion, 20 S.W.3d 27, 42 (Tex. App.—Houston [14th Dist.] 2000, pet.
denied).  

In this case, Judge Krocker’s comments regarding the
state of the evidence were not sufficient to rebut the presumption of a neutral
and detached trial court.  Accordingly, Judge Hill did not abuse her discretion
in denying appellant’s motion to recuse and Judge Krocker did not err by
refusing to recuse herself.  See Abdygapparova, 243 S.W.3d at 198.  Appellant’s
sixth issue is overruled.  

B.    
Motion for New
Trial

            In his fifth
issue, appellant argues the trial court erred by overruling his motion for new
trial because the trial court refused his request for a deadly-conduct
instruction, thereby “misdirect[ing] the jury about the law.”  We review a
trial court’s ruling on a motion for new trial for an abuse of discretion.  State
v. Herndon, 215 S.W.3d 901, 906 (Tex. Crim. App. 2007); Clarke v. State,
305 S.W.3d 841, 846 (Tex. App.—Houston [14th Dist.] 2010, pet. ref’d).  A trial
court abuses its discretion by denying a motion for new trial when no reasonable
view of the record could support its ruling.  Clarke, 305 S.W.3d at
846.  As we determined in issue four, appellant was not entitled to a deadly-conduct
instruction because the record is devoid of any evidence that he acted
recklessly in reaching into the back seat for the assault rifle and pointing it
at Foster.  Accordingly, we cannot say the trial court abused its discretion in
denying appellant’s motion for new trial.  Appellant’s fifth issue is overruled. 


Conclusion

            Having overruled
each of appellant’s issues, we affirm the trial court’s judgment.

                                                                                    

                                                                        /s/        Leslie
B. Yates

                                                                                    Justice

 

Panel consists of Chief Justice Hedges
and Justices Yates and Boyce.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
We review a challenge to a trial court’s denial of a motion for directed or
instructed verdict as a challenge to the legal sufficiency of the evidence.  See
Canales v. State, 98 S.W.3d 690, 693 (Tex. Crim. App. 2003); Gabriel v.
State, 290 S.W.3d 426, 435 (Tex. App.—Houston [14th Dist.] 2009, no pet.). 
For this reason, we will address appellant’s first and second issues together.