

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00260-CR

LABBERRIUS QUDON EVANS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Franklin County, Texas
Trial Court No. F-9330

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

In his sole point of error on appeal, Labberrius Qudon Evans argues that the trial court failed "to meaningfully consider the full legal range of punishment and the alternatives to the sentence finally imposed." Because nothing in the record shows that the trial court failed to consider the full range of punishment, we overrule Evans's sole point of error.

Evans was charged with continuous sexual abuse of a child. Pursuant to a plea agreement with the State, Evans's charge was reduced in exchange for his plea of guilty to aggravated sexual assault of a child. Honoring the plea agreement, the trial court placed Evans on ten years' deferred adjudication community supervision and ordered him to pay a $500.00 fine, $350.00 in attorney fees, and $649.00 in court costs. When the State later filed a motion to adjudicate Evans's guilt based on several violations of the terms and conditions of his community supervision, including delivery of methamphetamine, Evans signed a judicial confession swearing that all allegations in the State's motion were true. As a result, the trial court adjudicated Evans's guilt and sentenced him to seventy-five years' imprisonment.

Evans's complaint about the trial court's sentence is raised for the first time on appeal. However, no objection is required to preserve an issue that the trial court arbitrarily refused to consider the full range of punishment in an adjudication hearing. *See Grado v. State*, 445 S.W.3d 736, 741 (Tex. Crim. App. 2014) (finding that the issue invokes a *Marin*,[1] category-two right). "A court's arbitrary refusal to consider the entire range of punishment constitutes a denial of due process." *Id.* at 739. Even so, "[a]bsent a clear showing of bias, a trial court's actions will be

---

[1]*Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993), *overruled on other ground by Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997).

presumed to have been correct." *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006); *see Roman v. State*, 145 S.W.3d 316, 319 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd) (unless there is "a clear showing to the contrary, this [C]ourt will presume that the trial court was neutral and detached").

Here, nothing demonstrates that the trial court failed to consider the full range of punishment. The record shows that the trial court heard witness testimony and argument from both parties as to the appropriate punishment and took a break during the proceedings before ruling to read Evans's presentence investigation report. The trial court fully explained the reasons for its punishment, which included the acts Evans committed during his continued sexual abuse of a young child, his lengthy criminal history, his failure to abide by the terms and conditions of community supervision, and neglect of "all of the opportunities" he had "to treat [his] drug problem." The trial court's comments did not indicate that it had predetermined the sentence or failed to consider the full range of punishment.

Because the record does not support Evans's contention that the trial court failed to consider the full range of punishment, we overrule his sole point of error on appeal. *See Brumit*, 206 S.W.3d at 645.

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     February 25, 2020
Date Decided:      February 26, 2020

Do Not Publish