

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00566-CV

———————————————

IN THE MATTER OF D.A.

———————————————

On Appeal from the 323rd District Court
Tarrant County, Texas
Trial Court No. 323-124131-24

———————————————

Before Kerr, Birdwell, and Walker, JJ.
Memorandum Opinion by Justice Walker

# MEMORANDUM OPINION

## I. INTRODUCTION

In a single point in this appeal from the modification of a juvenile-court disposition, Appellant D.A. contends that the trial court abused its discretion by "arbitrarily refusing to consider the entire range of punishment" in committing her to the Texas Juvenile Justice Department (TJJD). *See* Tex. Fam. Code Ann. § 54.05(a). We affirm.

## II. BACKGROUND

In September 2024, D.A. signed a written stipulation that she had engaged in delinquent conduct by committing state-jail-felony theft and Class A misdemeanor evading arrest. She and the State agreed to a disposition of one year's probation, which the trial court adopted. As part of her probation, the trial court ordered that physical custody of D.A. was to be placed with her aunt.[1] Some of her probation conditions were (1) that she not run away or live elsewhere without permission, (2) that she report to her probation officer regularly, (3) that she obey a curfew and attend school regularly, and (4) that she submit to electronic monitoring.

Early in her probation period, D.A. absconded for three weeks. She later absconded for eight months. During the latter four months of the eight-month

---

[1]Before the case began, D.A. was living with her grandmother, who had voluntarily taken custody of D.A. after CPS "g[o]t involved with" D.A.'s mother when D.A. was nine years old. D.A.'s aunt had agreed to be D.A.'s supervisor during her probation.

period, she lived with her mother. During those eight months, D.A. never reported to her probation officer; she was eventually arrested after she had asked her mother to enroll her in school.

D.A. tested positive for marijuana on the day she was placed on probation and twice more before she absconded for eight months. She also tested positive after her arrest. During that time, she used marijuana every other day.

After the State filed a motion to modify disposition, D.A. signed another written stipulation agreeing that she had violated three conditions of her probation: running away or living elsewhere without permission, failing to abide by a curfew, and failing to comply with the trial court's electronic monitoring terms. She also agreed that she was a child in need of rehabilitation and that a disposition was necessary.

The trial court held a hearing at which it took judicial notice of its entire file and questioned D.A. extensively. In response to the trial court's question, "So your own mother was hiding you from probation?" D.A. answered, "Yes, Your Honor."

Ultimately, the trial court committed D.A. to TJJD for an indeterminate sentence even though D.A.'s probation officer had recommended that a placement search be completed.[2] The trial court explained its reasoning:

> I'm going to tell you why. As long as your mom is accessible to you, she will lead you down the wrong path. She will make sure that you break

---

[2]D.A.'s probation officer testified that, in the absence of a placement search, the juvenile department recommended "[a] secured and structured environment" because of D.A.'s "runaway history and the supervision concern[s]" at her home.

the law.  She will ignore the rules of probation.  She will enable you.  If you think that the problems in your life[,] how you've become the person that you are[,] is because of your mother.

All right.  You need to separate yourself from your mother and all the problems she brings into your life.  She is the worst thing that could happen to you.  I'm grateful she gave you life, but everything that she taught you about life has been wrong.  Whatever you --

[D.A.]:  I didn't do that, Your Honor.

THE COURT:  You won't.  At this point, this is all you know, and so the fact that your mother is even here disturbs me.  All right.  She is entitled to be here, but the fact that she even showed up tells me that she is going to do whatever she can to return you back to your life and lead you down the wrong path.

I think the best thing for your future is when you get out of TJJD -- and you will -- is that you respectfully tell your mother this is not the time, this is not the place, she has to take care of her problems and you have to take care of yours.  You'll be released on parole, and I hope one of the conditions of parole is to have no contact with your mother.

I think your aunt and your grandmother are good influences, but I think your mother has poisoned you and ruined you enough to the point you will always run away. . . .

D.A. filed a notice of appeal from the trial court's modification order.

## III.  DISCUSSION

In a single point on appeal, D.A. contends that "[t]he trial court abused its discretion by arbitrarily refusing to consider the entire range of punishment." According to D.A.'s brief, the trial court's pretrial decision to deny a psychological

evaluation[3] foreclosed the possibility of its later ordering "something other than commitment to TJJD" as a disposition, *see id.* § 54.04(d); thus, this pretrial decision "precluded the trial court from considering the entire range of punishment."

## A. MODIFICATION

Texas Family Code Section 54.05(f) provides that the trial court may modify a disposition based on a finding that a child has engaged in felony-grade delinquent conduct by committing the child to TJJD if, after a hearing, the trial court "finds by a preponderance of the evidence that the child violated a reasonable and lawful order of the court." *Id.* § 54.05(f); *see also id.* §§ 54.04(d)(2), 54.04013 (both requiring the factfinder to also make a "special commitment finding that the child has behavioral health or other special needs that cannot be met with the resources available in the community"), 54.05(j).[4] Section 54.04(d) describes other available dispositions, among them probation—while in the child's home, in the custody of a relative or other fit person, in a foster home, in a non-TJJD licensed treatment facility, or in a non-TJJD "public or private post-adjudication secure correctional facility."

---

[3]D.A.'s brief also states that the trial court denied "an opportunity to do a placement search," but nothing in the record indicates that the trial court precluded the juvenile department from conducting such a search. And although D.A.'s probation officer had recommended that a placement search be completed, the State argued in closing that it had established the required facts necessary for D.A. to be committed to TJJD and that "commitment [was] in [her] best interest for rehabilitation."

[4]The trial court made such a finding here. The trial court also made the required subsection (c) and (i) findings. Tex. Fam. Code Ann. § 54.04(c), (i).

*Id.* § 54.04(d)(1)(B)(i)–(iii). No provision requires that the trial court order a psychological evaluation before ordering a non-TJJD placement although Section 54.04013 does require that, before ordering a juvenile to be committed to TJJD, the trial court "should consider the findings of a validated risk and needs assessment and the findings of any other appropriate professional assessment available to the court." *Id.* § 54.04013; *see also id.* § 54.05(e) (providing that at modification hearing trial court "may consider written reports from probation officers, professional court employees, [appointed] guardians ad litem . . . , or professional consultants in addition to the testimony of other witnesses").[5]

A juvenile court has considerable discretion to determine the suitable disposition for a child who has been adjudicated as having engaged in delinquent conduct. *In re D.T.*, No. 02-20-00312-CV, 2021 WL 5028769, at *1 (Tex. App.—Fort Worth Oct. 28, 2021, no pet.) (mem. op.). It abuses that discretion when it acts arbitrarily or unreasonably or without reference to guiding rules or principles, but not when it bases its decision on conflicting evidence. *Id.* Thus, we may not conclude that a juvenile court abused its discretion so long as some evidence of substantive and probative character exists to support its decision. *Id.*

---

[5]Here, the trial court had available to it two social history reports—one prepared in 2024 when the trial court placed D.A. on probation and the other prepared in 2025 for the modification hearing.

## B. ANALYSIS

Although the appellate record does not include an order denying a psychological examination, D.A.'s probation officer testified that a "psychological" had been requested and denied. But nothing in the appellate record indicates that D.A. ever raised a due-process complaint in the trial court based on that denial. Thus, to the extent that D.A. complains that the trial court's denial of a psychological examination violated her right to due process by narrowing the disposition choices available to it, she failed to preserve this complaint.[6] *See In re J.P.*, No. 02-24-00313-CV, 2025 WL 647336, at *3 (Tex. App.—Fort Worth Feb. 27, 2025, no pet.) (mem. op.); *In re I.V.*, No. 07-23-00410-CV, 2024 WL 3528683, at *1 (Tex. App.—Amarillo July 24, 2024, pet. denied) (mem. op.).

But to the extent that D.A. complains that the trial judge prejudged her disposition,[7] nothing in the appellate record indicates that the trial court refused to consider the full range of choices available to it or that it predetermined a disposition. *See, e.g.*, *Roman v. State*, 145 S.W.3d 316, 319 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd) (holding that without a clear showing to the contrary, appellate court presumes that the trial court was neutral and detached). The trial court did not state

---

[6]Additionally, D.A.'s brief cites no authority for the assertion that a psychological exam is "[a] requirement for a placement." *See* Tex. R. App. P. 38.1(i).

[7]*See Grado v. State*, 445 S.W.3d 736, 741 (Tex. Crim. App. 2014) (holding that complaint about prejudgment of sentence is a category-two *Marin* right that cannot be forfeited merely by the failure to assert it at trial).

that it would not consider all available disposition options. And D.A.'s request throughout trial was that the trial court continue her probation; the trial court questioned her extensively about what she would do differently if he were to place her on probation again. We conclude that nothing in the record supports D.A.'s contention. *See In re J.A.*, No. 04-18-00598-CV, 2019 WL 6499226, at *3 (Tex. App.—San Antonio Dec. 4, 2019, no pet.) (mem. op.); *see also In re H.C.*, 562 S.W.3d 30, 47 (Tex. App.—Texarkana 2018, no pet.) (noting that in modification proceeding trial court is not required to exhaust all remedies before committing juvenile to TJJD).

We therefore overrule D.A.'s sole point.

## IV. CONCLUSION

Having overruled D.A.'s sole point, we affirm the trial court's modification order.

/s/ Brian Walker

Brian Walker
Justice

Delivered: April 16, 2026

8