Affirmed and Memorandum Opinion
filed December 9, 2010.

In
The

Fourteenth
Court of Appeals



NO. 14-09-00802-CR

NO. 14-09-00803-CR



Marcus James
Payne, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 263rd District Court

Harris County, Texas

Trial Court
Cause Nos. 1070654, 1127326



 

MEMORANDUM OPINION 

Appellant Marcus James Payne challenges the trial
court’s adjudication of his guilt in two separate deferred adjudication aggravated-assault
cases.  In seven issues, he asserts that the trial court (a) failed to limit
the grounds for revocation to the violations the State pleaded; (b) did
not function as a neutral and detached hearing body during the revocation
proceeding; (c) refused to provide a written statement of the evidence relied
on in revoking appellant’s probation; (d) denied appellant a fair chance to
present his appeal; (e) denied appellant “due course of law” during the
revocation proceedings; (f) abused its discretion in evaluating the
evidence to support the revocation; and (g) arbitrarily revoked
appellant’s probation.  We affirm.

BACKGROUND

On August 21, 2006, in cause number 1070654,
appellant pleaded guilty to aggravated assault with a deadly weapon, alleged to
have occurred on or about May 28, 2006.  The trial court deferred a finding of
guilt, placed appellant on community supervision for five years, and imposed a
$750 fine.  Less than two years later, on July 11, 2008, appellant pleaded
guilty to aggravated assault – serious bodily injury alleged to have occurred
on or about July 14, 2007, in cause number 1127326.[1]  The trial
court again deferred a finding of guilt and placed appellant on community
supervision for five years on July 14, 2008.  

In September 2008, the State filed motions to
adjudicate appellant’s guilt in both cases, alleging multiple violations of the
terms and conditions of his community supervision.  In April 2009, the State
filed amended motions, in which it alleged the following violations of
appellant’s community supervision:  

·       
The July 14, 2007 aggravated assault (Cause No. 1070654 only);

·       
A third aggravated assault - serious bodily injury that allegedly
occurred on August 17, 2008;

·       
An assault on another inmate in Harris County Jail on January 10,
2009;

·       
An assault on another inmate in Harris County Jail on December
25, 2008;

·       
Failure to report to the Community Supervision Office in August,
September, and October 2008;

·       
Failure to perform his community service hours as ordered by the
court; 

·       
Failure to attend the anger management program ordered by the
court; and

·       
Failure to pay Crime Stoppers as ordered by the court (Cause No.
1127326 only).

The trial court heard the State’s motions to
adjudicate on June 15, 2009.  At the hearing, Patricia Archer, appellant’s
community supervision officer, testified.  She explained that appellant was
assigned to her “mental health caseload” in July 2008.  According to Archer,
appellant had been diagnosed with bipolar disorder and attention deficit
hyperactivity disorder, and he was on medication for both disorders.  She
explained that appellant did not inform her when he was charged with the third
aggravated assault, failed to report to her office as required for the months
of September and October, did not perform his community service hours as
ordered, and did not begin the anger management treatment program as directed. 
Archer stated that appellant told her he was unable to perform his community
service for August 2008 because he reported to the organization he was supposed
to serve after the 15th of the month and the organization refused to
allow him to perform his hours.  She also explained that appellant’s file was
forwarded to the court in September because the motion to adjudicate had been
filed, but testified that appellant could have reported to her nonetheless.  Regarding
the anger management course, Archer stated that appellant was approved for the
free course in July 2008, but was charged with the third aggravated assault
before he could enroll.  Finally, she testified that appellant had been
involved in fights while he was in jail on the third aggravated assault charge.

The complaining witness in the third aggravated
assault testified that she and appellant got into an argument while in her car
at the drive-through lane of a fast-food restaurant.  She explained that after the
argument escalated, they both got out of the car.  According to the
complainant, she pushed appellant because he was yelling in her face.  She
stated that when she turned to get back into her car, appellant grabbed her
head and “slammed” it into the top of her car window.  She hit the window with such
force that she split her lip badly enough to require seventeen stitches, cracked
several of her teeth and knocked one out, and fractured her top jaw bone.  On
cross-examination, the complainant admitted that she had been drinking earlier
that day and evening, but denied that she was intoxicated when the altercation
occurred.

The State’s final witness, Deputy Kathleen Torres,
custodian of records for the Harris County Jail Inmate Disciplinary Files,
testified that appellant had been found guilty of “fighting” on December 25,
2008.  When asked to clarify the difference between fighting and assault in
jail, Torres explained:

In an assault, it’s normally one
inmate instigates it, the other inmate doesn’t do anything to defend himself.
He either tries to back away, get help, get away from that particular inmate or
doesn’t have a chance to respond to do anything because he gets knocked out or
injured too seriously.

As for a fight, in the inmate
handbook, it states mutual combat.  Any time - - doesn’t matter who started the
fight.  In the inmate handbook if you choose to defend yourself, hit back,
strike back, it is considered a fight in Harris County.

Torres also testified that
appellant had been found not guilty of the January 2009 assault on an inmate
because the report was filed too late to be investigated.  After Torres
testified, the State rested.  

Appellant presented the testimony of several
witnesses regarding the third aggravated assault.  These witnesses, who were
either in the car when the assault occurred or present earlier in the evening,
testified that the complainant had been drinking and was intoxicated when the
altercation occurred and that she later described the incident as an “accident”
or “horseplay.”  Two witnesses were actually in the car when the assault
occurred.  One of these witnesses testified that the complainant got angry with
appellant because he “messed with” the radio in the complainant’s car; she
ordered him to get out of her car.  This witness said the complainant got out
of the car and was screaming at appellant; she stated that appellant got out of
the car, and the two started pushing each other.  This witness testified that
appellant started “getting mad” and “he pushed her for the last time, she hit
her face on her door[.]”  The other witness inside the car related a somewhat similar
story,[2]
but stated that she did not actually see what occurred once appellant and the
complainant got out of the car.

Additionally, an officer from a community-service
organization, Creative Ministries International, Inc. d/b/a Angelic Resale,
testified that appellant was assigned to and performed community-service hours
for his organization.  He stated, however, that appellant did not perform any
community service in June, July, and September 2008.  Finally, appellant’s
mother testified that she had attempted to reach appellant’s community
supervision officer by phone several times after August 2008, but was unable to
do so.  She explained that appellant’s probation appointment was September 15,
2008, but Hurricane Ike hit so he was unable to go to that appointment.  She
stated that she continually called his community supervision officer throughout
the month and finally spoke to her supervisor around the end of September.  She
testified that she then discovered that appellant’s file had been sent to the
District Attorney’s office earlier in September, which was why her calls had
not been returned.  Finally, she explained that when she informed appellant
that a warrant had been issued for his arrest in November, he turned himself
in.

After hearing the evidence and argument of counsel,
the trial court concluded that appellant had violated the terms of his
community supervision and adjudicated him guilty of both offenses. 
Specifically, the trial court found that appellant had “commit[ed] an offense
against the State of Texas.”  The trial court sentenced appellant to eight
years’ confinement for each offense, with the sentences to run concurrently. 
This appeal followed.

ANALYSIS

As described above, appellant presents seven issues
for our review.  However, in his “Argument and Authorities” section of his
brief, he states, “The AUTHORITIES presented here are limited.  The ARGUMENT
presented is limited.  The STATEMENT OF FACTS provides sufficient information
to support this Court[’s] intervention into this case.”[3]  He next
quotes portions from two cases without providing any analysis or application of
these authorities to the facts of this case.  No where else in his brief
does he cite any legal authority.  Finally, he identifies only three issues
in the Argument section of his brief, with no citations to legal authority or to
the record; instead, he cites to his Statement of Facts, which contains some
record cites.  His issues in the Argument section are:  (1) the trial court
failed to function as a neutral and detached body; (2) the trial court refused
to provide a written statement regarding the evidence it relied on and the reasons
for revoking appellant’s probation; and (3) the trial court abused its
discretion in evaluating the evidence.  Although appellant’s case could be
resolved on the basis of briefing waiver,[4]
in the interest of justice, we will evaluate these three issues.  However, we
conclude that appellant has waived the remainder of his issues for inadequate
briefing.  See Tex. R. App. P. 38.1(g), (h), (i); see also Busby v.
State, 253 S.W.3d 661, 673 (Tex. Crim. App. 2008) (explaining that
appellate court “has no obligation to construct and compose appellant’s issues,
facts, and arguments”).  

A.        The trial court
functioned as a neutral and detached body.

Appellant asserts that the trial court did not
function as a neutral and detached body.  We presume that the trial court was
neutral and detached unless there is a clear showing to the contrary.  Roman
v. State, 145 S.W.3d 316, 319 (Tex. App.—Houston [14th Dist.] pet. ref’d)
(citing McClenan v. State, 661 S.W.2d 108, 110 (Tex. Crim. App. 1983)
(en banc), overruled in part on other grounds by DeLeon v. Aguilar, 127
S.W.3d 1, 5 (Tex. Crim. App. 2004)).

The trial court sentenced appellant on June 15, 2009,
without objection.  Nearly one month later, on July 14, 2009, appellant filed a
“Motion for New Trial; Motion in Arrest of Judgment and for Recusal of Judge”
in both cases.  In this motion, appellant stated that the trial court’s
“conduct and demeanor demonstrate bias and prejudice toward” appellant.  The
trial court signed an order declining to recuse on July 22, 2009, and referred
the matter to the administrative region for further action.  Two days later,
appellant filed a motion to withdraw his recusal motion, in which he stated,
“Defendant accepts the Court’s affirmation that the Judge can proceed through
this case without bias or prejudice toward Defendant.”  The presiding judge of
the administrative region granted appellant’s motion to withdraw the recusal
motion.  Moreover, while on community supervision for an aggravated assault, appellant
pleaded guilty to another aggravated assault.  The same trial court again
placed appellant on deferred adjudication-community supervision.  Then, while
on community supervision for two aggravated assaults, appellant was arrested
for another aggravated assault.  During his jail residency awaiting resolution
of this third alleged offense, appellant engaged in fighting with other
inmates.  After adjudicating appellant guilty for the first two aggravated
assaults to which he had pleaded guilty, the trial court sentenced him to only eight
years’ confinement for each offense,[5]
with the sentences to run concurrently.  We see nothing in the record supporting
appellant’s contention that the trial court was either biased or prejudiced
against him.  Accordingly, we determine this issue is without merit and
overrule it.

B.        The
trial was not required to issue findings because the judgments reflect the
grounds for revocation.

Appellant contends the trial court erred in failing
to file findings of facts and conclusions of law in this case.  When the trial
court revokes a defendant’s probation, due process requires specific written
findings of fact where a defendant requests findings of fact be made.  See
Whisenant v. State, 557 S.W.2d 102, 105 (Tex. Crim. App. 1977); Joseph
v. State, 3 S.W.3d 627, 639 (Tex. App.—Houston [14th Dist.] 1999, no pet.).
 However, the trial court is not required to issue separate findings if the
judgment or revocation order discloses the grounds for revocation found by the
court.  See Joseph, 3 S.W.3d at 640; see also Reasor v. State,
281 S.W.3d 129, 136 (Tex. App.—San Antonio 2008, pet. ref’d).

Here, the trial court indicated on the judgment that
it was revoking appellant’s community supervision because appellant had committed
an offense against the State of Texas.  Thus, in its judgment, the trial court
disclosed the grounds for revocation and was not required to issue separate
findings.  Reasor, 281 S.W.3d at 136;  Joseph, 3 S.W.3d at
640.  We conclude that this issue lacks merit and overrule it.

C.        The
trial court did not abuse its discretion in evaluating the evidence from the
revocation hearing.

We review a trial court’s order revoking community
supervision for an abuse of discretion.  See Rickels v. State, 202
S.W.3d 759, 763 (Tex. Crim. App. 2006); Moore v. State, 11 S.W.3d 495,
498 (Tex. App.—Houston [14th Dist.] 2000, no pet.).  The State’s burden of
proof in a revocation proceeding is by a preponderance of the evidence.  Cobb
v. State, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993) (en banc); Moore,
11 S.W.3d at 498.  In conducting our review, we consider all the evidence in
the light most favorable to the trial court’s finding to determine whether the
trial court could have reasonably found that appellant violated the terms and
conditions of his probation by a preponderance of the evidence.  See Rickels,
202 S.W.3d at 763–64.  The State satisfies its burden of proof when the greater
weight of credible evidence before the court creates a reasonable belief that
it is more probable than not that the defendant has violated a condition of
community supervision.  Joseph v. State, 3 S.W.3d 627, 640 (Tex. App.—Houston
[14th Dist.] 1999, no pet.).  Proof of any one of the alleged violations is
sufficient to support a revocation of probation.  Moore, 11 S.W.3d at
498.  Finally, in a revocation hearing, it is the trial court’s role to make
credibility determinations and resolve evidentiary conflicts.  See Garrett
v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.]1981); Moore,
11 S.W.3d at 498.  

Here, the complainant described a serious assault by
appellant.  She testified that he grabbed her by the head and “slammed” her
head into the top of her car door, causing her to split her lip, lose a tooth
and crack several others, and fracture her jaw.  The only witnesses in the car
at the time of the altercation provided conflicting details about it:  one
stated that the complainant started hitting appellant while inside the car and
the other stated the physical confrontation did not start until both the
complainant and appellant were out of the car.  Finally, the only witness who stated
that she saw the altercation testified about appellant’s pushing the
complainant, resulting in the complainant’s hitting her face on the car door
and being seriously injured.  

We leave to the trial court the determination of the
witnesses’ credibility and the resolution of any conflicts in their testimony.  See
Moore, 11 S.W.3d at 498.  Here, the trial court could have found the
complainant’s testimony more credible than that of appellant’s witnesses.  Considering
the evidence in the light most favorable to the trial court’s ruling, we
conclude that the trial court could have reasonably found that appellant
violated the terms and conditions of his probation by committing the third
aggravated assault.  We thus overrule this issue.  

For the foregoing reasons, we affirm the trial
court’s judgment.

 








                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

 

Panel consists of Chief Justice Hedges, Justice
Jamison, and Senior Justice Hudson.*

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
The State filed a motion to adjudicate guilt in the first case based on this
new offense, but later dismissed that motion.  





[2]
This witness, however, stated that the complainant, while inside the car,
turned around and hit appellant “a bunch of times in his chest and upper body.”





[3]
But see Tex. R. App. P. 38.1(g) (providing that the brief must state
concisely and without argument the facts pertinent to the issues or
points presented).





[4]
See Tex. R. App. P. 38.1(i) (“The brief must contain a clear and concise
argument for the contentions made, with appropriate citations to authorities
and to the record.” (emphasis added)).





[5]
The range of punishment for aggravated assault is two to twenty years.  See
Tex. Penal Code Ann. §§ 12.33(a) (second degree felony subject to two to twenty
year sentence), 22.02(b) (aggravated assault is second degree felony).





* Senior Justice  J. Harvey Hudson sitting
by assignment.