**Affirm and Opinion Filed July 19, 2021**



**In The**
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00172-CR
### No. 05-20-00173-CR
### No. 05-20-00174-CR
### No. 05-20-00175-CR
### No. 05-20-00176-CR

**DANIEL DUANE GOODMAN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 401-82125-2019, 401-82126-2019, 401-82127-2019,**
**401-82128-2019, 401-82129-2019**

## MEMORANDUM OPINION
Before Justices Osborne, Pedersen, III, and Nowell
Opinion by Justice Nowell

Daniel Goodman entered open pleas of guilty to five drug-related offenses:

one count of possession of one to four grams of heroin with the intent to deliver, two

counts of delivery of one to four grams of heroin, and two counts of delivery of four

to two hundred grams of methamphetamine. After a hearing, the trial court

sentenced him to twenty years' confinement for each of the heroin cases and thirty-

three years' confinement for the methamphetamine cases, to be served concurrently.

In three issues on appeal, appellant argues he received ineffective assistance of

counsel, the trial court relied on outside information during sentencing, and the sentences are grossly disproportionate to sentences generally imposed for similar crimes. We affirm the trial court's judgments.

### A. Ineffective Assistance of Counsel

In his first issue, appellant argues his counsel was ineffective for failing to file a motion for new trial addressing the bases for and disproportionate nature of the court's sentences. We review an ineffective assistance of counsel claim under the standard set forth in *Strickland v. Washington*. *Brock v. State*, No. 05-19-01276-CR, 2020 WL 4592789, at *1 (Tex. App.—Dallas Aug. 11, 2020, no pet.) (mem. op., not designated for publication) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Rubio v. State*, 596 S.W.3d 410, 426 (Tex. App.—Dallas 2020, pet. granted)). To obtain a reversal of a conviction based on a claim of ineffective assistance of counsel under *Strickland*, an appellant must demonstrate by a preponderance of the evidence that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* (citing *Rubio*, 596 S.W.3d at 426).

Our review of counsel's representation under the first prong of *Strickland* is highly deferential. *Brock*, 2020 WL 4592789 at *2. We indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance, including the possibility that counsel's actions were

–2–

strategic. *Id.* (citing *Strickland*, 466 U.S. at 689; *Rubio*, 596 S.W.3d at 426). We focus on the totality of the representation afforded and not on individual alleged errors. *Id.* (citing *Rubio*, 596 S.W.3d at 436). We consider the adequacy of assistance as viewed at the time of trial, not in hindsight. *Id.* We may not second-guess counsel's strategic decisions, and defense counsel's trial strategy cannot be considered ineffective assistance of counsel simply because another attorney would have used a different strategy. *Id.*

To defeat the presumption of reasonable representation, the record must affirmatively demonstrate the alleged ineffectiveness. *Id.* A silent record that provides no explanation for counsel's actions generally will not overcome the strong presumption of reasonable assistance. *Id.* (citing *Rubio*, 596 S.W.3d at 436). Accordingly, the record on direct appeal frequently is insufficiently developed to support a claim of ineffective assistance of counsel. *Id.* (citing *Rubio*, 596 S.W.3d at 427). Only when "counsel's ineffectiveness is so apparent from the record" will an appellant asserting an ineffective assistance of counsel claim prevail on direct appeal. *Id.*

To show prejudice under the second prong of *Strickland*, an appellant must demonstrate a reasonable probability that the outcome would have differed but for trial counsel's errors. *Id.* (citing *Strickland*, 466 U.S. at 694; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (citing *Jackson*,

877 S.W.2d at 771). It is not sufficient to show defense counsel's errors "had some conceivable effect on the outcome of the proceeding." *Id.* (citing *Strickland*, 466 U.S. at 693). Rather, to establish prejudice, an appellant must show that counsel's errors were "so serious as to deprive the defendant of a fair trial, a trial whose result was reliable." *Id.* (citing *Strickland*, 466 U.S. at 687). Failure to satisfy either prong of the *Strickland* standard is fatal. *Id.* (citing *Rubio*, 596 S.W.3d at 427). Thus, we need not examine both *Strickland* prongs if one cannot be met. *Id.* (citing *Rubio*, 596 S.W.3d at 427; *Strickland*, 466 U.S. at 697).

Appellant complains his attorney was ineffective for failing to file a motion for new trial arguing appellant's sentences were both disproportionate and based on "unproven and, in some instances, plainly false notions." However, because appellant's counsel did not file a motion for new trial, the record before us is silent; our review of the record provides nothing to indicate appellant's counsel fell below an objective standard of reasonableness. Counsel called witnesses, cross-examined witnesses, made several motions on behalf of appellant, and made a strong closing argument in which he stated that he works "with all kinds of folks that are accused of crimes like this, and [appellant is] sort of the real deal;" a defendant worthy of community supervision. Even if we could consider only counsel's failure to file a motion for new trial, this Court will not speculate whether counsel's failure was strategic or ineffective absent evidence in the record explaining counsel's reasoning. Instead, we indulge the strong presumption that counsel's acts fell within a wide

–4–

range of reasonable professional assistance. *See id*. Appellant failed to satisfy the first prong of *Strickland*, and we need not consider the second prong. *See id.* (citing *Rubio*, 596 S.W.3d at 427; *Strickland*, 466 U.S. at 697); *see also* TEX. R. APP. P. 47.1. We overrule appellant's first issue.

### B. Sentencing Proceeding

In his second issue, appellant argues the trial court erred by reciting "unproven and largely unlitigated factual assertions" as the foundation for its "astoundingly harsh sentences." Appellant concedes he did not object to the sentences at trial, but asserts he was not required to do so because the trial court's demonstrated bias constituted a structural due process error. The State responds that the statements were part of the trial court's judicial experience and knowledge and were thus within proper bounds. Further, the State argues, even if the statements were improper, the record does not show the judge relied on this information for sentencing, and, therefore, the statements fail to create a structural error.

Generally, to preserve a complaint for appellate review, a defendant must make a timely objection to the trial court, state with sufficient specificity the grounds for the ruling sought, and obtain an adverse ruling on his objection. *Lawrence v. State*, No. 05-13-01138-CR, 2015 WL 1542134, at *13 (Tex. App.—Dallas Apr. 2, 2015, pet. struck) (mem. op., not designated for publication) (citing TEX. R. APP. P. 33.1; *Buchanan v. State*, 207 S.W.3d 772, 775 (Tex. Crim. App. 2006)). However, the court of criminal appeals has recognized that denials of absolute systemic

–5–

requirements may be addressed on appeal regardless of whether an objection was made in the trial court. *Gale v. State*, No. 05-17-00592-CR, 2018 WL 3434511, at *4 (Tex. App.—Dallas July 17, 2018, pet. ref'd) (mem. op., not designated for publication) (quoting *Saldano v. State*, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002)). A violation of due process is a nonwaivable, nonforfeitable systemic requirement. *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993), *rev'd on other grounds*, 891 S.W.2d 267 (Tex. Crim. App. 1994). Therefore, a violation of due process need not be preserved in the trial court to be raised on appeal. *See Marin*, 851 S.W.2d at 279.

Assuming appellant intended to argue that there was a violation of his absolute systemic right to a fair trial, appellant must show the trial judge's statements stemmed from an extrajudicial source and resulted in sentencing on some basis other than what the judge learned during his participation in the case. *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) (citing *Berger v. United States*, 255 U.S. 22, 31 (1921)); *see also Carson v. State*, 515 S.W.3d 372, 379 (Tex. App.—Texarkana 2017), *rev'd on other grounds*, 559 S.W.3d 489 (Tex. Crim. App. 2018). An extrajudicial source is one arising outside the courtroom or the functioning of the court system. *Escobar v. State*, No. 05-13-01562-CR, 2015 WL 1106579, at *4 (Tex. App.—Dallas Mar. 10, 2015, no pet.) (mem. op., not designated for publication) (citing *Roman v. State*, 145 S.W.3d 316, 321 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd)). Here, the statements made by the trial judge were not from a source

–6–

outside the functioning of the court system, but were made from the judge's experience responding to requests for search warrants in overdose investigations.

Regardless, the trial judge did not rely on these statements to inform his sentencing. Appellant compares the trial judge's comments to those discussed in *Carson v. State*. 515 S.W.3d at 372. In *Carson,* the trial judge admitted that he relied on the State's notice of intent to use extraneous offenses when assessing the defendant's sentence and that this reliance "played a huge role" in the sentencing decision. *Id.* at 376-77. Here, the trial judge did not admit that he relied on his statements when sentencing appellant. Instead, the trial judge appeared to focus on appellant's failure to acknowledge the seriousness of his crimes when assessing appellant's sentencing, stating: "I was waiting for some acknowledgement of the lives that you ruined, and I was looking for some acknowledgement for the poison that you have sold on the streets of my county."

Because the trial judge did not rely on an extrajudicial source during sentencing, but properly considered appellant's failure to accept responsibility for his crime, appellant failed to show judicial bias. *See Thomas v. State*, 551 S.W.3d 382, 386-87 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd) (citing *Boyd v. State*, No. 14-99-01355-CR, 2001 WL 619587, at *6 (Tex. App.—Houston [14th Dist.] June 7, 2001, pet. ref'd) (not designated for publication) (after appellant refused to accept responsibility for aggravated robbery, court of appeals stated that "[a]cceptance of responsibility and truthfulness after the fact is a proper factor for a

court to weigh in setting an appropriate sentence")). Without a showing of actual bias, we cannot conclude the trial court violated appellant's absolute systemic right to a fair trial, and appellant was required to object to the trial judge's statements to preserve error. Appellant failed to do so. We conclude appellant failed to preserve the complaint presented in his second issue for appeal, and we overrule his second issue.

## C.     Grossly Disproportionate Sentencing

In his third issue, appellant argues the thirty-three year sentences he received as a first-time offender for delivery of methamphetamine, while within the statutory range of punishment, are grossly disproportionate to sentences for similar offenders in Collin County, Texas, and, thus, violate the Eighth Amendment's prohibition on cruel and unusual punishment. The State responds that appellant failed to preserve his argument for appeal because he did not raise this issue in the trial court.

To preserve error for appellate review, the record must show the party complaining on appeal made a timely objection that "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint." TEX. R. APP. P. 33.1(a); *see also Mathis v. State*, No. 05-19-01004-CR, 2020 WL 4581650, at *2 (Tex. App.—Dallas Aug. 10, 2020, no pet.) (mem. op., not designated for publication). This prerequisite applies to a complaint about an allegedly disproportionate or cruel and unusual

sentence. *See Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.); *Mathis*, 2020 WL 4581650, at *2.

Appellant did not object to the length of his sentences—all of them within the applicable statutory ranges of punishment—at trial or in a motion for new trial. Thus, he failed to preserve his complaint for appellate review. *See* TEX. R. APP. P. 33.1(a); *Mathis*, 2020 WL 4581650, at *2. We overrule appellant's third issue.

### D. Conclusion

We affirm the trial court's judgments.

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE

200172f.u05
200173f.u05
200174f.u05
200175f.u05
200176f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

DANIEL DUANE GOODMAN,
Appellant

No. 05-20-00172-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial
District Court, Collin County, Texas
Trial Court Cause No. 401-82125-
2019.
Opinion delivered by Justice Nowell.
Justices Osborne and Pedersen, III
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 19th day of July, 2021.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DANIEL DUANE GOODMAN, Appellant

No. 05-20-00173-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial District Court, Collin County, Texas Trial Court Cause No. 401-82126-2019.
Opinion delivered by Justice Nowell. Justices Osborne and Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 19th day of July, 2021.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DANIEL DUANE GOODMAN,
Appellant

No. 05-20-00174-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial
District Court, Collin County, Texas
Trial Court Cause No. 401-82127-
2019.
Opinion delivered by Justice Nowell.
Justices Osborne and Pedersen, III
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.


Judgment entered this 19th day of July, 2021.



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

DANIEL DUANE GOODMAN,
Appellant

No. 05-20-00175-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial
District Court, Collin County, Texas
Trial Court Cause No. 401-82128-
2019.
Opinion delivered by Justice Nowell.
Justices Osborne and Pedersen, III
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 19th day of July, 2021.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DANIEL DUANE GOODMAN,
Appellant

No. 05-20-00176-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial
District Court, Collin County, Texas
Trial Court Cause No. 401-82129-
2019.
Opinion delivered by Justice Nowell.
Justices Osborne and Pedersen, III
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 19th day of July, 2021.